**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 15-50310 |
| | : | |
| Gita Rao | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |

| | | |
|---|---|---|
| Christal L. Caudill, Trustee | : | |
| 3757 Attucks Drive | : | Adv Proc No._____ |
| Powell Ohio 43065 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| Vs. | : | |
| | : | |
| Lissetthe Villarreal-Rowe | : | |
| 6830 Gettysburg Drive | : | |
| Sylvania Ohio 43560 | : | |
| | : | |
| And | : | |
| | : | |
| Ganesh Rao | : | |
| 7337 Clover Parkway | : | |
| Dublin Ohio 43016 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND TURNOVER OF**
**PROPERTY OF THE BANKRUPTCY ESTATE**

**Jurisdiction and Parties.**

1. Jurisdiction over this adversary proceeding is proper pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 157, and the General Order of Reference entered in this District.

2. Venue over this adversary proceeding is proper pursuant to 28 U.S.C. Section 1409.

3. This adversary proceeding is a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(A) and (E).

4. Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court.

5. Christal L. Caudill ("Plaintiff or "Trustee") is the duly authorized and acting Chapter 7 Trustee for the bankruptcy case of Gita Rao ("debtor"), Case #15-50310.

6. Lissetthe Villarreal-Rowe ("Defendant Villarreal-Rowe") is currently holding funds owed to the debtor from the sale of real estate in the amount of $103,645.69 in her trust account.

7. Ganesh Rao is the former spouse of debtor and may claim an interest in funds held by Defendant Villarreal-Rowe.

**Background.**

8. Debtor, Gita Rao, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on January 21, 2015.

9. At the time of filing, debtor and her ex-husband, Ganesh Rao ("Rao"), claimed an interest in two (2) properties located at 7790 Gateway Lane, Powell Ohio 43065 and 4214 Bryson Cove, Dublin, Ohio 43016 ("real estate").

10. Debtor and Defendant-Rao had assisted Defendant Villarreal-Rowe in the purchase and financing of these properties and, in return, Villarreal was to repay the debtor and Defendant-Rao upon the sale of the real estate.

11. Both properties sold in 2015 and produced a net value of $248,073.29 ("funds"), which is being held by Defendant Villarreal-Rowe in a Trust account.

12.     On October 7, 2015, debtor, Rao, and Defendant Villarreal-Rowe executed a Settlement Agreement and Global Release "Agreement" (see attached "Exhibit A"), which provided for Defendant Villarreal-Rowe to use the funds to pay taxes and expenses and turnover any remaining money to be split equally between debtor and Defendant Rao.

13.     Pursuant to the Agreement, Plaintiff filed a Motion to Compromise with Defendant Villarreal-Rowe and Defendant Rao in the debtor's bankruptcy case. The terms of the Compromise mirrored the Agreement and set forth the following: Defendant Villarreal-Rowe is entitled to retain $40,781.91 of the funds for to pay taxes, attorney fees and other expenses associated with the sale of the real estate, Debtor is entitled to $103,645.69 from the proceeds of the sale of the real estate and these funds are part of the bankruptcy estate pursuant to 11 U.S.C. §541 and Defendant Rao was entitled to $103,645.69 from the proceeds of the sale of the real property.

14.     On or about January 13, 2017, The Internal Revenue Service seized Defendant Rao's share of the funds ($103,645.69) pursuant to an existing tax levy against Defendant Rao.

**COUNT ONE:  Declaratory Judgment**

15.     Plaintiff realleges and incorporates the allegations and averments contained in paragraphs one (1) through fourteen (14) as if fully rewritten herein.

16.      11 U.S.C. § 541(a)(1) provides that a bankruptcy estate is comprised of all legal or equitable interests of the Debtor in property as of the commencement of the case, regardless of where it is located or who holds it.

17. Debtor had an interest in the real property proceeds as of the date filing her bankruptcy petition.

18. Defendant Rao executed the Agreement on October 7, 2015.

19. The Agreement provides that the funds shall be split equally between Debtor and Defendant Rao.

20. Pursuant to 28 U.S.C. §§2201 and 2202, the Trustee requests that the Court declare one half of the funds, equaling $103,645.69, are property of the debtor's bankruptcy estate.

**COUNT TWO: Turnover of Property of the Estate Pursuant to 11 U.S.C. §542**

21. Plaintiff realleges and incorporates the allegations and averments contained in paragraphs one (1) through twenty (20) as if fully rewritten herein.

22. Pursuant to 11 U.S.C. §542, any party in possession, custody or control of property of the estate on the date of filing the Petition, or property that the Trustee may sell under §363, to deliver it to the Trustee.

23. Defendant Villarreal-Rowe is in possession of the $103,645.69 and such funds are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

24. Accordingly the Plaintiff is entitled to an Order of the Court directing Defendant Villarreal-Rowe to turnover to Plaintiff the $103,645.69 for the benefit of the bankruptcy estate.

**WHEREFORE**, Plaintiff requests that the Court enter an Order awarding the following relief:

1. On Count One, for a declaration that one-half of the funds, specifically $103,645.69, is property of the debtor's bankruptcy estate pursuant to 11 U.S.C. §541;

2. On Count Two, for an Order requiring Defendant, Lissetthe Villarreal-Rowe, to turnover funds in the amount of $103,645.69 to the Trustee;

3. For all other and further relief for which Plaintiff may be entitled.

Respectfully submitted,

/s/Christal L. Caudill
Christal L. Caudill (0068032)
Caudill Law Group
3757 Attucks Drive
Powell, Ohio 43065
Telephone: (614) 389-4942
Facsimile: (614) 389-3857
clcaudill@caudill-law.com