# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 15-50310 |
| GITA RAO | : | CHAPTER 7 |
|     DEBTOR | : | JUDGE PRESTON |

Christal L. Caudill, Trustee,
    Plaintiff
      vs.                                           Adv. Pro. No. 17-02005
Lissetthe Villarreal-Rowe, et al.,
    Defendants.

## NOTICE OF FAILURE TO RESPOND TO REQUEST FOR ADMISSIONS BY DEFENDANT GANESH RAO

Now comes Plaintiff, and hereby notifies the Court that a Request for Admissions was served upon Defendant Ganesh Rao on March 8, 2017. Defendant was given notice that he had 30 days to respond to the Request for Admissions. No response was given by Defendant Rao and the time for response has passed. Pursuant to Rule 7036(a)(3), since no answer or objection has been made to the Request for Admissions, the matters are deemed admitted.

Respectfully submitted,

/s/ Christal L. Caudill
Christal L. Caudill         (0068032)
Caudill Law Group
Attorneys for Plaintiff
3757 Attucks Drive
Powell, OH  43065
614-389-4942
614-389-3857 fax
clcaudill@caudill-law.com

EXHIBIT "C"

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing NOTICE OF FAILURE TO RESPOND TO REQUEST FOR ADMISSIONS BY DEFENDANT GANESH RAO was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on April 5, 2017, addressed to:

| | |
|---|---|
| Ganesh Rao | Lissetthe Villarreal-Rowe |
| 7337 Clover Parkway | 6830 Gettysburg Drive |
| Dublin, OH  43016 | Sylvania, OH  43560 |

                                      /s/Christal L. Caudill
                                      Christal L. Caudill      (0068032)
                                      Attorney for Plaintiff

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 15-50310 |
| GITA RAO | : | CHAPTER 7 |
| DEBTOR | : | JUDGE PRESTON |

Christal L. Caudill, Trustee,

Plaintiff

vs.                                    Adv. Pro. No. 17-02005

Lissetthe Villarreal-Rowe, et al.,

Defendants.

**REQUEST FOR ADMISSIONS TO DEFENDANT GANESH RAO**

Plaintiff, pursuant to Rule 7036 of the Rules of Bankruptcy Procedure requests that Defendant Ganesh Rao (hereinafter referred to as "Defendant" or "Defendant Rao"), upon thirty (30) days after service of this request, admit for the purpose of this action only, and subject to all pertinent objections as to the admissibility thereof that may be interposed at the trial, the truth of the following facts:

1. Admit or deny that the document attached hereto as Exhibit A is a true and accurate copy of the Settlement Agreement and Global Release between Ganesh Rao, Gita Rao and Lissetthe Villarreal-Rowe.

**ANSWER:**

2. Admit or deny that your signature appears on page 4 of the Settlement Agreement and Global Release attached hereto as Exhibit A.

**ANSWER:**

Respectfully submitted,

/s/ Christal L. Caudill
Christal L. Caudill                    (0068032)
Caudill Law Group
Attorneys for Plaintiff
3757 Attucks Drive
Powell, OH  43065
614-389-4942
614-389-3857 fax
clcaudill@caudill-law.com

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 15-50310 |
| GITA RAO | : | CHAPTER 7 |
| DEBTOR | : | JUDGE PRESTON |

Christal L. Caudill, Trustee,
Plaintiff
vs.                                                  Adv. Pro. No. 17-02005
Lissetthe Villarreal-Rowe, et al.,
Defendants.

### CERTIFICATE OF SERVICE AND NOTICE OF RIGHT TO RESPOND WITHIN 30 DAYS

Christal L Caudill has submitted a Request for Admissions.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion/objection, then on or before **thirty (30) days) from the date set forth in the certificate of service for the Request for Admissions,** you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:
**170 North High Street, Columbus, Ohio   43215**
OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:
Christal L. Caudill, Attorney at Law, 3757 Attucks Drive, Powell, OH  43065
Office of the U.S. Trustee, 170 N. High Street, Suite 200, Columbus, Ohio  43215

If you, or your attorney, do not take these steps, the court may decide that you do not oppose the relief sought and may enter an order granting the relief requested.

Dated: 3/8/17                                                  /s/Christal L. Caudill
                                                              Christal L. Caudill       (0068032)

I hereby certify that a copy of the foregoing REQUEST FOR ADMISSIONS TO DEFENDANT GANESH RAO was served by **ordinary U.S. Mail** on March 8, 2017, addressed to:

Ganesh Rao
7337 Clover Parkway
Dublin, OH  43016

                                                              /s/Christal L. Caudill
                                                              Christal L. Caudill   (006832)
                                                              Attorney for Plaintiff

## SETTLEMENT AGREEMENT AND GLOBAL RELEASE

Effective this ___ day of __October__, 2015, this Settlement Agreement and Global Release ("Agreement") is being executed by and among Ganesh Rao ("Mr. Rao"), whose principal address is 4110 Bryson Cove, Dublin, OH 43016, Gita Rao ("Mrs. Rao"), whose principal address is 4086 Borge Way, Dublin, OH 43206, and A. Lissettha Villarreal-Rowe ("Ms. Villarreal"), whose principal address is 6830 Gettysburg Drive, Sylvania, OH 43560 (hereinafter collectively referred to as "the Parties").

### RECITALS

WHEREAS, Ms. Villarreal previously owned, and recently sold, certain residential real estate, commonly known as 7790 Gateway Lane, Powell, OH 43065 (the "Gateway Property"). Ms. Villarreal is the owner of certain residential real estate, commonly known as 4214 Bryson Cove Circle, Dublin, OH 43016 (the "Bryson Cove Property"); and

WHEREAS, Mr. Rao and Mrs. Rao claim an interest or interests in the Bryson Cove Property and in the proceeds of sale from the Gateway Property as a result of the history of dealings between and among the Parties; and

WHEREAS, The Parties desire a mutually-agreeable final resolution to all disputes regarding the competing claims to the Bryson Cove Property and the proceeds of sale from the Gateway Property;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements contained herein, the Parties agree as follows:

### AGREEMENT

1. **MS. VILLARREAL'S DUTIES AND COVENANTS.**

    1.1. **Proceeds from the Gateway Property.** Upon execution of this Agreement and fulfillment of any contingencies set forth in this Agreement, Ms. Villarreal will retain such funds as Ms. Villarreal considers necessary, in her sole judgement and good faith, for the payment of taxes and expenses of sale of the Gateway Property, including attorneys' fees. Ms. Villarreal will pay the remaining proceeds to Mr. Rao and Mrs. Rao, in separate and equal amounts, by certified check or other verified funds, at the same time as she makes the payment referenced below in paragraph 1.3.

    1.2. **Sale of Bryson Cove Property.** Upon execution of this Agreement and fulfillment of any contingencies set forth in this Agreement, Ms. Villarreal will list the Bryson Cove Property for sale on commercially reasonable terms and will make all good faith efforts to finalize a sale of the Bryson Cove Property. Whether terms are commercially reasonable shall be determined in light of the standards and practices for the sale of residential real estate in the Dublin, OH area.

1.3. **Proceeds from Sale of Bryson Cove Property.** Upon the sale of the Bryson Cove Property, Ms. Villarreal will retain such funds as Ms. Villarreal considers necessary, in her sole judgement and good faith, for the payment of taxes and expenses of sale of the Bryson Cove Property, including attorneys' fees. Ms. Villarreal will pay the remaining proceeds to Mr. Rao and Mrs. Rao, in separate and equal amounts, by certified check or other verified funds, within 30 days from receiving full distribution of the proceeds from the sale of the Bryson Cove Property.

1.4. **Records and Accounting.** Ms. Villarreal will provide Mr. Rao and Mrs. Rao with a copy of the Settlement Statement (HUD-1) relating to the sale of both the Gateway Property and Bryson Cove Property. The Parties agree that no further disclosure of records or accounting shall be required and that Mr. Rao and Mrs. Rao have no entitlement to any further disclosure or accounting related to the Gateway Property or Bryson Cove Property or any other transaction involving Ms. Villarreal.

2. *MR. RAO'S AND MRS. RAO'S DUTIES AND COVENANTS.*

2.1. **Indemnification.** Mr. Rao and Mrs. Rao, jointly and severally, agree to indemnify, defend, and hold harmless Ms. Villarreal against any and all claims, liabilities, damages, or losses resulting from or arising in relation to the receipt, ownership, transfer, listing, or sale of either the Gateway Property or the Bryson Cove Property, unless the claim, liability, damage, or loss was a direct result of the malicious act of Ms. Villarreal committed against a person with no familial, financial, business, or social relationship with either Mr. Rao or Mrs. Rao.

   (a) **Notice of Claim.** Ms. Villarreal shall promptly notify Mr. Rao or Mrs. Rao of any claim or demand for payment that may be covered by the preceding paragraph, provided that the failure to give such notice does not relieve Mr. Rao or Ms. Rao of their obligations except to the extent that they are materially prejudiced by lack of notice. This notice must be in writing.

2.2. **Performance of Necessary Acts.**

   (a) **Liens.** Upon execution of this Agreement, and in any event no later than the date of the closing for the sale of the Bryson Cove Property, Mr. Rao and Mrs. Rao agree to release any liens, legal, equitable, or statutory, he or she may have on the Bryson Cove Property and to execute any documents or perform any other acts reasonably necessary to effectuate the passage of clean, marketable title to the Bryson Cove Property to the purchaser.

3. *RELEASE OF CLAIMS.*

**Global Release and Waiver of Claims.** Mr. Rao and Mrs. Rao, individually and on behalf of heirs, agents, personal representatives, and assigns, hereby waive and release Ms. Villarreal and her heirs, agents, personal representatives, and assigns from any and all claims and demands relating to the Gateway Property or Bryson Cove Property, and all other actions and causes of action, damages, expenses, interest, compensation and

2

costs, including attorney's fees and court costs, which Mr. Rao or Mrs. Rao has ever had, or now has against Ms. Villarreal. Ms. Villarreal, individually and on behalf of heirs, agents, personal representatives, and assigns, hereby waives and releases Mr. Rao and Mrs. Rao and their heirs, agents, personal representatives, and assigns from any and all claims and demands relating to the Gateway Property or Bryson Cove Property, and all other actions and causes of action, damages, expenses, interest, compensation and costs, including attorney's fees and court costs, which Ms. Villarreal has ever had, or now has against Mr. Rao or Mrs. Rao.

4. **GENERAL PROVISIONS.**

4.1. **Complete Agreement/Modifications.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Ohio. This Agreement shall be binding upon the parties and their respective personal representatives, heirs, executors, successors and assigns.

4.2. **Capacity.** Each of the Parties represent and warranty that he or she has capacity to enter this Agreement, that entering this Agreement is his or her free and voluntary act or deed, and that he or she enters this Agreement free of any undue influence, coercion, or duress

4.3. **Severability/Nonwaiver.** In the event that any provision contained in this Agreement is held unenforceable by a court of competent jurisdiction, the remaining provisions shall continue. In the event that a portion of a provision is held unenforceable, the remaining portion of such provision shall nevertheless be carried into effect. The failure of a party to enforce the provisions of this Agreement shall not be construed as a waiver of any provision nor shall such failure limit the right of such party thereafter to enforce each and every provision of this Agreement.

4.4. **Execution.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same instrument and the signature of any party of any counterpart, whether original or via facsimile, shall be deemed a signature to any and may be appended to any other counterpart

4.5. **Non-Admission.** The parties understand and acknowledge that this Agreement is made and accepted without any admission of liability, fault or truth of the allegations made by the Parties, such allegations having been expressly denied

4.6. **Captions.** Captions to the various sections of this Agreement are not part of the content hereof, but are labels to assist in locating those sections and shall be ignored in construing this Agreement.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the date first above written.

3

_____
Ganesh Rao

_____ *Gita Rao* 12-10-15
Gita Rao

_A. Lissette Villarreal-Rowe_
A. Lissetthe Villarreal-Rowe

4